(57 App. Div. 399.)

### AMERICAN PRESS ASS'N v. BRANTINGHAM et al.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

1. INTERPLEADER—RIGHT TO CORPORATION STOCK.
   Where the owner of corporate stock has the corporation assign it to one person, and another afterwards establishes a right thereto in an action against the owner, and both claim the stock from the corporation, and the person to whom the stock was assigned threatens to sue the corporation, the latter may maintain a bill of interpleader against the rival claimants to determine their rights and to restrain the threatened litigation.

2. SAME—PARTIES.
   Where a corporation brings interpleader to determine whether the person to whom a certificate of its stock has been assigned at the request of the owner thereof or a person who has established a right thereto in an action against the owner is entitled to such stock, the original owner is not a necessary party thereto.

3. SAME.
   Where a corporation brings an interpleader suit to determine whether the person to whom a certificate of its stock has been assigned at the request of the owner thereof or the person who has established a right thereto in an action against the owner is entitled thereto, an order requiring the corporation to deposit a certificate of the same amount of stock with the clerk to await determination of the suit is erroneous, and will be modified by restraining a transfer of the certificate held by the defendant, and by directing him to deposit it with the clerk.

Appeal from special term, New York county.

Interpleader by the American Press Association against May Thorne Brantingham and another to determine conflicting claims of defendant to certain stock of the plaintiff, and to restrain threatened litigation. From an order restraining the defendant the Westchester

Trust Company from commencing suit, it appeals. Order modified and affirmed on condition of the filing of a new bond by plaintiff.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Daniel S. Remsen, for appellant.
Charles A. Brodek, for respondent American Press Ass'n.
Burton T. Beach, for respondent Brantingham.

RUMSEY, J. It appears from the papers that the plaintiff is incorporated under the laws of the state of New York; that before the 19th of September, 1899, one Joseph Thorne was the owner of 300 shares of the capital stock of the plaintiff, represented by a certificate for that amount; that on the 19th of September, 1899, the plaintiff issued to Eunice E. Huff, the assignee of Joseph Thorne, a certificate for the 300 shares of stock which had formerly belonged to him. Miss Brantingham, claiming to be the owner of the stock, brought an action against Huff to establish the ownership, which resulted in a judgment in favor of Miss Brantingham. In the meantime it appears that Huff had assigned this stock to the Westchester Trust Company. That company had demanded the issue of a new certificate, and that the stock should be transferred to it on the books of the plaintiff; and Miss Brantingham has also advised the plaintiff of her ownership of the stock, and claimed an accounting for the dividends which had accrued upon it, which are considerable in amount. The plaintiff brings this action to establish the rights of the parties, claiming no interest adverse to either party, but asking that it may be protected from these adverse claims, and that Miss Brantingham and the Westchester Trust Company be directed to interplead between themselves for the purpose of determining their conflicting rights. This motion was made to restrain the trust company from bringing an action against the plaintiff for the conversion of the stock or to establish its rights therein, and for directions as to what should be done with the dividends during the pendency of the action. The order restrains the Westchester Trust Company from bringing an action relative to the 300 shares of stock, or to the dividends thereof, upon condition that the plaintiff should give an undertaking in the sum of $250 conditioned to pay to the defendants all damages, not exceeding that sum, which they might sustain by reason of the injunction, and, upon the plaintiff transferring and issuing a certificate for the 300 shares to the clerk of the court, and paying to him the sum of $300 representing the dividends which have accrued, with interest from the time those dividends became payable, and upon further condition that the plaintiff pay into court all dividends that might accrue upon the stock, to abide the further judgment and order of the court. From this order the appeal is taken. We are quite clear that, as the plaintiff, who is substantially a mere stakeholder in this action, is confronted with two adverse claims until the question of ownership has been decided, this is a proper case for an interpleader. It is objected that Huff, the assignee, should be made a party to the action. Without determining that question, it is sufficient to say that, as it appears

that the Westchester Trust Company has an assignment of this stock, and that as Miss Brantingham makes a claim upon them also,' these facts are sufficient to warrant the plaintiff to bring these two adverse claimants into court to establish their rights against each other. If it should be necessary or proper, or if the Westchester Trust Company should desire, to bring Huff into the controversy to settle the relative rights between her and the trust company, it is open to the company to do so for that purpose, and upon that motion such directions would be given as justice requires; but, although the presence of Huff may be useful to the Westchester Trust Company, yet, so far as the plaintiff is concerned, it does not appear that she is a necessary party to the action, and that she is not in the action is not a sufficient reason why it should not have relief. But we think that the order as made is altogether too broad. If the plaintiff should issue to the clerk of the court the certificate for the 300 shares of the stock, that certificate would not represent the certificate now in the hands of the Westchester Trust Company, and, so long as that company still retains the certificate, there is no reason why it should not transfer it; and the result would be that for the same stock there would be two different and separate certificates, and the plaintiff would be put to serious inconvenience hereafter in attempting to settle the rights of the owners. The order should not have provided for the issue of another certificate, and should be modified by restraining the Westchester Trust Company from making any transfer of the certificate in suit during the pendency of the action, and providing that the certificate should be deposited with the clerk of the court to abide the result of the action, and, as so modified, should be affirmed, without costs to either party in this court. But, as the modification which we make goes to the substance of the injunction, it is quite possible that the sureties upon the injunction as ordered by the special term might be released by this serious modification. For that reason the affirmance must be upon condition that the plaintiff shall give a new undertaking in the same amount as the original one.

Order modified as directed in opinion, and, as modified, affirmed, without costs; such affirmance to be upon condition that plaintiff give a new undertaking as directed in opinion. All concur.